UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO:

KARLENS BENDLIS,

    Plaintiff,
vs.
NCL (BAHAMAS), LTD.,
d/b/a NORWEGIAN CRUISE LINES,

    Defendant.
_____/

## DEFENDANT NCL (BAHAMAS) LTD.'S NOTICE OF AND PETITION FOR REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §1441

The Defendant NCL (Bahamas) Ltd., ("Norwegian"), by and through undersigned counsel and pursuant to 28 U.S.C. §1441 and 28 U.S.C. §1446, hereby files this Notice of and Petition for Removal for the purpose of removing this cause from the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, with full reservation of rights, exceptions and defenses.

1. On November 24, 2014, Plaintiff Karlens Bendlis filed this action against Norwegian in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, bearing Case No. 2014-14282 CA 01, asserting Norwegian breached its obligations owed to a seaman to provide prompt and adequate medical care, maintenance and cure, and intentional infliction of emotional distress. *See Complaint*, attached hereto as Exhibit "A".

2. On November 25, 2014, Norwegian was served with the Summons and Complaint. *Id.* No other process, pleadings, and/or orders have been served upon Norwegian. *See* 28 U.S.C. §1446(a).

3. Norwegian's Notice of Filing the instant Notice of and Petition for Removal with the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida is attached

hereto as Exhibit "B".

4. Plaintiff alleges he was a <u>former crew member</u> of Norwegian and he was in transit from Nicaragua to Denmark in advance of joining Defendant's cruise ship *Norwegian Sun* but became ill <u>prior to joining the ship and never joined the ship</u>. *See* Complaint, Ex. "A", ¶ 9.

5. As alleged in the Complaint, all of Plaintiff's claims arise under the general maritime law of the United States. *See* Complaint, Ex. "A", ¶ 3. Removal is proper in this case for two reasons.

6. First, because federal courts have original jurisdiction over general maritime and admiralty law claims, removal is proper under the revised version of the removal statute. 28 U.S.C. §1441(a),(b). *See Ryan v. Hercules Offshore, Inc.,* 945 F. Supp. 2d 772, 2013 U.S. Dist. LEXIS 67547 (S.D. Tex. 2013); *Wells v. Abe's Boat Rentals, Inc,* 2013 U.S. Dist. LEXIS 85534, 5 (S.D. Tex. 2013); *Bridges v. Phillips 66 Co.*, 2013 U.S. Dist. LEXIS 164542, 6 (M.D. La. 2013); *Provost v. Offshore Serv. Vessels, LLC*, 2014 U.S. Dist. LEXIS 76764, 1 (M.D. La. May 9, 2014).

7. Second, though Jones Act cases are generally not removable from state court, a fraudulently plead Jones Act claim does not, however, bar removal. *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995). A defendant may pierce the pleadings to show that the Jones Act claim has been fraudulently plead to prevent removal and the district court may use a summary judgment-like procedure to determine whether a plaintiff has fraudulently plead a Jones Act claim. *Id.*; *Hufnagel v. Omega Serv. Indus.*, 182 F.3d 340, 345-346 (5th Cir. 1999); *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

8. Plaintiff's claim of "Failure to Provide Prompt and Adequate Medical Care" [*Complaint,* Ex "A", p. 2] is an alleged Jones Act claim despite that Plaintiff omits the words "Jones Act" and "seaman" from its Complaint. *See Garay v. Carnival Cruise Line, Inc.*, 904 F.2d 1527, 1532 (11th Cir. 1990)(referring to the seaman's cause of action of prompt and adequate medical care as a

"Jones Act claim"); *Le Tran v. Celebrity Cruises, Inc.,* 2013 U.S. Dist. LEXIS 73170, 15-16 (S.D. Fla. 2013)(holding a claim for failure provide prompt and adequate medical care as Jones Act claim); *Aung Lin Wai v. Rainbow Holdings*, 350 F. Supp. 2d 1019, 1030 (S.D. Fla. 2004)(failure to treat is properly considered a claim of negligence under the Jones Act).

9. Plaintiff cannot establish he was a seaman in order to recover the relief sought under the Jones Act (or under his general maritime law claims of maintenance and cure or intentional infliction of emotional distress). To qualify as a seaman, an employee must first demonstrate that his duties "contribute to the function of the vessel or to the accomplishment of its mission." Second, "a seaman must have a connection to a vessel in navigation (or an identifiable group of vessels) that is substantial in terms of both its duration and its nature." *See Chandris, Inc. v. Latsis*, 515 U.S. 347 (1995); *Campbell v. Royal Caribbean Cruises, Ltd.*, 349 Fed. Appx. 872 (5th Cir. 2009).

10. Plaintiff was not under an employment contract with Norwegian, nor was Norwegian paying him at the time. Because Plaintiff was not yet an employee of Norwegian, he cannot demonstrate that his duties contributed to the function of the vessel as he was not yet connected to a vessel in navigation for any period of time.

11. Removal is proper because the Plaintiff's allegation of Jones Act status is incorrect and this is a civil action over which this federal district court has original jurisdiction as a case of admiralty and maritime jurisdiction over the remainder of Plaintiff's general maritime law claims.

12. Norwegian's Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b), which requires the notice of removal be filed within 30 days after receipt by the defendant. The Summons and Complaint was served on Norwegian on November 25, 2014 thereby making the due date for this Notice December 25, 2014.

13. Upon filing of this Notice of Removal, Norwegian will promptly give written notice thereof to the Plaintiff, through its attorneys of record, and the Clerk of the Circuit Court for the

11th Judicial Circuit in and for Miami-Dade County, Florida.

WHEREFORE the Defendant NCL (Bahamas) Ltd. respectfully requests that this Petition for Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2014-14282 CA 01 on the docket of the Circuit Court for the 11th Judicial Circuit in and for Miami-Dade County, Florida, be removed from that court to the United States District Court for the Southern District of Florida, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which the Defendant is entitled.

DATED:  December 15, 2013
Miami, Florida

Respectfully submitted,

**FOREMAN FRIEDMAN, P.A.**
Counsel for Defendant
2 South Biscayne Boulevard, Suite 2300
Miami, FL 33131-1803
Tel: 305-358-6555/Fax: 305-374-9077

By:   */s/ Marcus Mahfood*
JEFREY E. FOREMAN, ESQ. (FBN 0240310)
jforeman@fflegal.com
DARREN W. FRIEDMAN, ESQ. (FBN 0146765)
dfriedman@fflegal.com
MARCUS MAHFOOD, ESQ. (FBN 41495)
mmahfood@fflegal.com
 FOREMAN FRIEDMAN, PA
One Biscayne Tower – Suite #2300
2 South Biscayne Boulevard
Miami, Florida 33131
Tel: 305-358-6555/ Fax: 305-374-9077
Counsel for Defendant

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on this 15th day of December, 2014. We also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By: **/s/Marcus Mahfood**
MARCUS MAHFOOD, ESQ.

## SERVICE LIST
CASE NO:

| | |
|---|---|
| Luis A. Perez, Esq. | Darren W. Friedman, Esq. |
| lap@perezlaw.net | dfriedman@fflegal.com |
| Law Offices of Luis A. Perez, P.A. | Marcus Mahfood, Esq. |
| Alfred I. Dupont Building | mmahfood@fflegal.com |
| 169 East Flagler Street, Suite 721 | FOREMAN FRIEDMAN, PA |
| Miami, FL 33131 | One Biscayne Tower – Suite #2300 |
| Tel: 305-577-0063/Fax: 305-577-4445 | 2 South Biscayne Boulevard |
| Counsel for Plaintiff | Miami, Florida 33131 |
| | Tel: 305-358-6555/ Fax: 305-374-9077 |
| | Counsel for Defendant |